Case 09-93579    Doc 72    Page 1 of 4

FILED
July 22, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003651577

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Creditor,
LAKESIDE II CONDOMINIUM ASSOCIATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>GEORGE GIVARGIS and<br>MONICA V. GIVARGIS,<br><br>    Debtors.<br>_____/ | Case No. 09-93579-D-13G<br>(Chapter 13 Proceeding)<br><br>D.C. No. APN-1<br><br>MOTION BY CREDITOR, LAKESIDE II CONDOMINIUM ASSOCIATION FOR RELIEF FROM AUTOMATIC STAY RE: REAL PROPERTY LOCATED AT 2905 Niagra Street #172, Turlock, California (11 U.S.C. §§362(d)(1) and (2), LOCAL RULES 4001-1 AND 9014-1)<br><br>Date: August 23, 2011<br>Time: 10:00 am<br>Judge: Robert Bardwil<br>Ctrm: 1200 "I" Street, Ste. 4<br>      Modesto, CA |

      This is a core proceeding as defined by the United States Bankruptcy Code and this creditor consents to a final Order or Judgment by the above-entitled Court.

      The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §157(a), et seq. and 28 U.S.C. §1334, et seq.

PLEASE TAKE NOTICE that at the date, time, and location specified above, Creditor, LAKESIDE II CONDOMINIUM ASSOCIATION (hereinafter referred to as "Creditor"), a Creditor of Debtors, GEORGE GIVARGIS and MONICA V. GIVARGIS (hereinafter referred to as "Debtor"), will respectfully move this Court to vacate the automatic stay entered in this proceeding and to allow Creditor to commence collection efforts against Debtor for non-payment of Homeowner Association dues that have accrued <u>after</u> Debtor filed their Chapter 13 bankruptcy petition.  The Homeowner Association dues are expressly provided for in the Covenants, Conditions and Restrictions (hereafter referred to as "CC&R's") and were recorded against the real property prior to Debtor's occupancy of the real property located at 2905 Niagra Street #172, Turlock, California (hereinafter referred to as the "Property") and have become due, post-petition, and arise out of and relate to Debtor's ownership interest in the Property.

PLEASE TAKE FURTHER NOTICE that prior to filing this Motion For Relief From Automatic Stay, counsel for Creditor sent counsel for Debtor, and the Trustee a notice setting forth the amounts currently past due. A true and correct photocopy of the aforementioned notice is filed separately and is incorporated herein by reference.

This Motion is made on the grounds that the Debtor has failed and refused to provide for and in fact make payment of the Homeowner Association dues as set forth in the CCR's which encumber Debtor's Property and therefore Creditor is without adequate protection because Debtor is delinquent in the monthly dues to Creditor and, therefore, Debtor has failed to provide Creditor with the adequate protection and/or compensation it is entitled to receive hereunder.

Also, Creditor is being prejudiced by the operation of the pending automatic stay provision in that Creditor is being prevented from exercising its contractual and State-law rights over the Debtor and the Property.

Accordingly, Creditor cannot be assured of repayment of the outstanding post-petition balance due and owing to it by Debtor and, therefore, Creditor lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. §362.

Based upon the foregoing, Creditor will move the above-captioned Court to exercise its jurisdiction in this matter and grant Creditor immediate relief from the pending automatic stay provisions which will allow Creditor to exercise its equitable, contractual and state law rights against the Debtor.

Creditor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute including Creditor sending written notice to Debtor of the right to cure.

Also, Creditor will move the Court to grant such other and further relief as the Court may deem just and proper.

Pursuant to *Federal Rules of Bankruptcy Procedure, Rule 4001(d)*, a true and correct photocopy of the [proposed] Order setting forth Creditor's request for relief is filed separately herewith and is incorporated herein by reference.

This Motion is based on the Notice Of Hearing, this Motion, and the Declaration of Jennifer England filed herewith, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Creditors respectfully prays that this Court:

1.  Render an Order granting Creditor relief from the pending automatic stay provisions, permitting Creditor to enforce all rights arising in its favor under the terms of the CC&R's recorded against the Property, including any and all action that becomes necessary

to obtain payment of Homeowner Association dues that have become due since the Debtors' filed their Chapter 13 bankruptcy petition;

2. Terminate the pending automatic stay provisions to allow Creditor to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362, any and all notice required by State and/or Federal law, regulation or statute including Creditor sending written notice to Debtor of the right to cure all post petition delinquencies;

3. Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

4. Grant such other and further relief as the Court may deem just and proper.

Dated: July 19, 2011                    LAW OFFICES OF
                                        AUSTIN P. NAGEL


                                        /s/ Austin P. Nagel
ASAPBK.02                               Attorneys for Creditor,
                                        LAKESIDE II CONDOMINIUM
                                        ASSOCIATION