Case 09-93579    Doc 74    Page 1 of 4

FILED
July 22, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003651578

AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA  94583
Telephone:  (925) 855-8080
Facsimile:  (925) 855-8090

Attorneys for Creditor,
LAKESIDE II CONDOMINIUM ASSOCIATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>GEORGE  GIVARGIS and<br>MONICA V. GIVARGIS,<br><br>    Debtors.<br>_____/ | Case No. 09-93579-D-13G<br>(Chapter 13 Proceeding)<br><br>D.C. No. APN-1<br><br>DECLARATION OF JENNIFER ENGLAND IN SUPPORT OF MOTION BY CREDITOR, LAKESIDE II CONDOMINIUM ASSOCIATION FOR RELIEF FROM AUTOMATIC STAY RE: REAL PROPERTY LOCATED AT 2905 Niagra Street #172, Turlock, California (11 U.S.C. §§362(d)(1) and (2), LOCAL RULES 4001-1 AND 9014-1)<br><br>Date:   August 23, 2011<br>Time:   10:00 am<br>Judge: Robert Bardwil<br>Ctrm:   1200 "I" Street, Ste. 4<br>             Modesto, CA |

    I, JENNIFER ENGLAND declare as follows:

    I am the Association Manager of LAKESIDE II CONDOMINIUM ASSOCIATION (hereinafter referred to as "Creditor"), a creditor hereunder.

My duties include, but are not limited to, monitoring accounts for lapses in payment, lapses in insurance coverage, and handling respective customers' problems with their account.

I am the custodian and/or keeper of the business records referenced herein and, as such, I am qualified to certify the authenticity thereof. Additionally, I have personal knowledge of the matters stated in this Declaration except as to those stated on information and belief and as to those matters, I believe them to be true and correct. If called upon as a witness, I could, and would, competently testify to the facts contained herein.

After reviewing the books, records and files kept by Creditor in the normal course of business for this matter, I make the following Declaration.

I am informed and believe, and thereon allege, that Debtors, GEORGE GIVARGIS and MONICA V. GIVARGIS (hereinafter collectively referred to as "Debtor") filed a Voluntary Petition for Relief under Chapter 13, Title 11 of the *United States Code* in the above-captioned Court on November 5, 2009. Upon the filing of this Petition, the automatic stay provisions of 11 U.S.C. §362, et seq., came into effect, which provisions prevented Creditor from proceeding, or otherwise taking action against Debtor for payment of their homeowner association dues that are assessed the Debtor on a monthly basis. More specifically, Debtor's obligations to Creditor herein are set forth in the Covenants, Conditions and Restrictions (hereafter referred to as "CC&R's") that were recorded against the real property prior to Debtor's occupancy and more fully and commonly known as 2905 Niagra Street #172, Turlock, California (hereinafter referred to as the "Property"). In this regard, Debtor is obligated under the terms of the CC&R's to pay monthly dues to Creditor in order to cover Debtor's pro-rata share for maintaining, securing and insuring the common areas of the real property managed by Creditor. I have filed concurrently herewith, and incorporate herein by

this reference, the relevant provisions of the CC&R's which sets forth Debtor's obligation to make monthly Homeowner Association dues to Creditor.

Debtors are delinquent in the monthly dues to Creditor and, therefore, Creditor is not receiving adequate protection of or adequate compensation for this obligation. More specifically, as of the date hereof, Debtor is past due for the following sums:

| Description | Amount Past Due |
|---|---|
| Unpaid monthly assessments for 12/1/09 through and including 7/1/11 | $5,208.00 |
| Late Charges | $ 468.40 |
| Other fees and costs | $1,487.27 |
| **TOTAL PAST DUE**: | **$7,163.67** |

and Debtor will become due for the their next monthly assessment on August 1, 2011 as evidenced by the payment history, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference.

Moreover, pursuant to Debtor's schedule, as of the date of the Debtor's filing of the above-captioned case, the Property is believed to have had the following liens against it:

| Description | Amount |
|---|---|
| First Deed of Trust | $88,000.00 |
| **TOTAL LIENS/ENCUMBRANCES** | **$88,000.00** |

Pursuant to Debtors' Schedules, the Property has a fair market value of $30,000.00.

Debtor has had daily use of the Property and surrounding common areas managed by Creditor without complying with the terms and conditions of the CC&R's recorded against Debtor's Property and without providing Creditor with payment for their obligation, and without offering Creditor adequate protection of its interest in the Property and surrounding

3

common areas managed by Creditor as they are required to do under the laws which govern the administration of this bankruptcy case.

But for the pending automatic stay provisions, in accordance with the remedies provided under the CC & R's and California law, Creditor would have been able to enforce its rights against Debtor. Wherefore, it is obvious that Creditor is being prejudiced by the operation of the pending automatic stay provisions in that Creditor is being prevented from exercising its contractual and State-law rights against the Debtor.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed this 20th day of July, 2011, in Modesto, California.

/s/ Jennifer England
Jennifer England

ASAPBK.02